IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:06CR386 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| WARREN BLANKENSHIP, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on defendant Warren Blankenship's objections (Filing No. 42) to Magistrate Judge Gossett's report and recommendation (Filing No. 41). In this report, Magistrate Judge Gossett recommends that this court deny defendant's motion to suppress (Filing No. 29). Pursuant to NECrimR 57.3 and 28 U.S.C. § 636(b)(1)(C), the court has conducted a de novo review of the record and adopts the report and recommendation in its entirety.

**Background**

On November 14, 2006, Officer Mertz observed defendant, while driving a vehicle, fail to signal and drive left of center. Officer Mertz pulled defendant over and asked defendant to join him in Officer Mertz's patrol car while Officer Mertz issued defendant a warning ticket. After issuing defendant a warning, Officer Mertz told defendant that officers on the road look for stolen property, guns, and drugs, and asked defendant if he had anything like that in his vehicle. Defendant said "no," and Officer Mertz asked defendant if he could search his vehicle. Defendant agreed to the search, Officer Mertz gave defendant the option to wait in the patrol car or outside, and defendant elected to stay in the patrol car.

Officer Mertz searched defendant's vehicle where he observed a soft rifle case containing two barrels for a rifle.  Officer Mertz noticed that the back seat was not securely fastened, it was not latched or bolted normally, and the seat popped up slightly.  Officer Mertz lifted the back seat where he found an automatic rifle, which he placed on the hood of the patrol car.  Officer Mertz then placed defendant under arrest for carrying a concealed weapon.  The magistrate conducted a suppression hearing and determined the stop, detention, and subsequent search were lawful.  Defendant contends that while he did consent to search, he did not authorize Officer Mertz to dismantle his backseat where the weapon was found.

**Discussion**

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  "For purposes of constitutional analysis, a traffic stop is characterized as an investigative detention, rather than a custodial arrest."  *United States v. Jones*, 269 F.3d 919, 924 (8th Cir. 2001).  "Once the officer decides to let a routine traffic offender depart with a ticket, a warning, or an all clear, the Fourth Amendment applies to limit any subsequent detention or search."  *United States v. Lyons*, 486 F.3d 367, 371 (8th Cir. 2007) (internal quotation and citation omitted). After the officer concludes the traffic stop, the officer can lengthen the stop, or expand the scope of the stop, if the officer has a reasonably articulable suspicion for believing that criminal activity is afoot.  *Lyons*, 486 F.3d 367, 371 (8th Cir. 2007).  Such a traffic stop is governed by the case of *Terry v. Ohio*, 392 U.S. 1 (1968), and is thus known as a "*Terry* stop."  *Jones*, 269 F.3d at 924.  A *Miranda* warning is not necessary for persons detained for a *Terry* stop.  *United States v. Pelayo-Ruelas*, 345 F.3d 589, 592 (8th Cir. 2003).

Police may conduct a search of a person's vehicle without a warrant or probable cause provided that person voluntarily consents to the search. *United States v. Bradley*, 234 F.3d 363, 366 (8th Cir. 2000); *United States v. Parris*, 17 F.3d 227, 229 (8th Cir. 1994). The government bears the burden of proving voluntary consent. *United States v. Heath*, 58 F.3d 1271, 1275 (8th Cir. 1995). "Consent is voluntary if it was the product of an essentially free and unconstrained choice by its maker, rather than the product of duress or coercion, express or implied." *Bradley*, 234 F.3d at 366 (quotations and citation omitted). To establish voluntary consent, the government does not need to prove that the accused was fully aware of his or her rights under the Fourth Amendment. *Heath*, 58 F.3d at 1275-76. Courts evaluating voluntariness must examine the totality of the circumstances, including the accused's characteristics and the nature of the encounter. *Bradley*, 234 F.3d at 366.

If a reasonable person would feel free to disregard the police and go about his business, the encounter is consensual, reasonable suspicion is not required, and the encounter will not evoke Fourth Amendment scrutiny unless it loses its consensual nature. *United States v. Coney*, 456 F.3d 850, 858 (8th Cir. 2006). An officer that has no basis for suspecting a particular individual may generally ask questions of that individual, including a request for consent to search, provided the officer does not convey a message that compliance with the request is required. *Coney*, 456 F.3d at 858.

In this case, the court agrees with the magistrate's determination that the traffic stop ended when Officer Mertz issued the defendant a warning ticket. The officer's subsequent request to search did not constitute a detention but was merely a consensual encounter between officers and a citizen. In this case, the officers did not use physical force, make a show of authority, or use demanding language, but simply asked the defendant whether

3

he would consent to a search of his vehicle. The defendant consented to the search, a search resulted, and the officers found a pistol in defendant's vehicle.

Although defendant contends that he did not give Officer Mertz the specific consent to look under his vehicle's backseat, the court finds that the search of the backseat and underneath it was reasonable. The Eighth Circuit adheres to the standard that a typical reasonable person would understand an accused's general consent to search a vehicle to include consent to open unlocked containers within the vehicle, access apparently false compartments, and search any part of the truck where weapons might be stored. *United States v. Gallardo*, 2007 U.S. App. LEXIS 18161, *19 (8th Cir. 2007) (quotations and citations omitted). "[W]hen the police receive consent to search for items that can be hidden in different parts of a car, searching those areas is 'objectively reasonable.'" *United States v. Alcantar*, 271 F.3d 731, 738 (8th Cir. 2001). Thus, the court finds that the consensual search in this case did not violate defendant's Fourth Amendment rights and the motion to suppress is denied. Accordingly, the court adopts the report and recommendation of the magistrate and overrules the objections of the defendant.

THEREFORE, IT IS HEREBY ORDERED that:

1. Defendant's objections, Filing No. 42, are overruled;
2. The report and recommendation, Filing No. 41, is adopted; and
3. The defendant's motion to suppress, Filing No. 29, is denied without prejudice to reassertion at trial.

DATED this 10th day of August, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge